FILED
2013 Feb-25 AM 11:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ROY LEE MAGBY,** | } |
| Petitioner, | } |
| v. | } Case No.: 2:09-cv-2532-RDP-PWG |
| **CONSTANCE REESE, WARDEN, FCI TALLADEGA** | } |
| Respondent. | } |

## MEMORANDUM OPINION

Before the court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Roy Lee Magby, a federal prisoner acting pro se. (Doc. #1). Petitioner requests that the court adjust his sentence on the ground that he was "actually innocent of the Career Offender enhancement." (Doc. #1 at 2). However, regardless of the merits of the claim, the court has carefully examined the facts of the claim and finds that it cannot hear this case because it lacks jurisdiction. Therefore, the motion is due to be denied without prejudice.

### I. Background

On December 2, 2005, Petitioner pled guilty to violations of 21 U.S.C. §§841(a) and 841(b)(1)(iii) (possession with intent to distribute and distribution of "crack" cocaine) in the Northern District of Georgia. (Doc. #1 at 7). On February 22, 2006, the Northern District of Georgia sentenced Petitioner to 240 months in prison, the statutory-mandated minimum sentence. (*Id.*). Petitioner appealed the sentence and the Eleventh Circuit affirmed the conviction on April 16, 2008. *United States v. Roy Lee Magby*, 264 Fed. Appx. 857, 857 (11th Cir. 2008), *cert denied*, 129 S. Ct. 121, 121 (October 6, 2008).

Petitioner states in his Motion that, prior to filing this action, "[Petitioner] filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 16, 2007." (Doc. #1 at 1). That motion was denied. (Doc. #1 at 2); *Roy Lee Magby v. United States of America*, 1:05-cv-96-ODE (N.D. Ga. November 19, 2009).

Petitioner was subsequently incarcerated at the Federal Correctional Institution in Talladega, Alabama. Because Talladega, Alabama lies within the Northern District of Alabama, Petitioner filed the instant Section 2241 Motion in this court. (Doc. #1 at 1).

## II. Discussion

Typically, collateral attacks on the validity of a federal sentence must be brought under 28 U.S.C. § 2255 in the court in which the petitioner was sentenced. *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990). Furthermore, a federal prisoner who has previously filed a § 2255 motion must first apply for and receive permission from the relevant United States court of appeals before filing a second or successive § 2255 motion. 28 U.S.C. § 2255(h); *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996). Absent an order from the court of appeals authorizing the consideration of the application, "the district court lacks jurisdiction to consider a second or successive petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *see also United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

It is uncontested that Petitioner was sentenced in the Northern District of Georgia, not the Northern District of Alabama. (Doc. #1 at 6-7); *see also United States v. Roy Lee Magby*, 264 Fed. Appx. 857, 857 (11th Cir. 2008). Petitioner also admits that he has already filed a previous § 2255 motion and has not shown that he has received permission from the Eleventh Circuit to file a successive § 2255 motion. (Doc. #1 at 1). However, Petitioner submits that a successive § 2255

2

motion is not the only remedy available to him because the "savings clause" of 28 U.S.C. § 2255 allows him to file this Motion pursuant to 28 U.S.C. § 2241, which allowed federal prisoners to pursue habeas relief in the federal district court in the jurisdiction of incarceration before the enactment of 28 U.S.C. § 2255 . (Doc. #1 at 3).

The relevant language of 28 U.S.C. § 2255 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner focuses on the last clause of this subsection and presents two arguments as to why a subsequent § 2255 motion would be inadequate or ineffective. First, Petitioner alleges that he was never afforded a "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his sentence . . . because he was unable to obtain a reversal of [the sentencing court's use of his] prior convictions used to enhance [his sentence]" when he filed his previous § 2255 motion. (Doc. #1 at 4). Second, Petitioner argues that "[b]ecause the language of § 2255 and 2244 both require that any "newly discovered evidence" show innocence of the "offense" and not just the sentencing enhancement, it is inadequate and ineffective to test the legality of his sentence." Therefore, in order the resolve the threshold question of whether this court has jurisdiction to hear Petitioner's claim, the court must first address whether 28 U.S.C. § 2255(e) allows a federal prisoner to file a § 2241 motion in lieu of a subsequent § 2255 motion when the prisoner's previous § 2255 motion was unsuccessful and the prisoner does not allege that he is

3

actually innocent of the crime, but that the sentence was miscalculated. The law of the Eleventh Circuit is clear – a federal prisoner may not.

The sole purpose of § 2255 is "to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." *United States v. Hayman*, 342 U.S. 205, 219 (1952). The particular difficulties that § 2255 was enacted to minimize were "'serious administrative problems' resulting from the requirement that those proceedings be brought and decided in the district of incarceration." *Wofford v. Scott*, 177 F.3d 1236, 1239 (11th Cir. 1999) (citing *Hayman*, 342 U.S. at 210-19). Before the enactment of § 2255, habeas proceedings occurred in the district in which a federal prisoner was incarcerated rather than the district in which the prisoner was sentenced, notwithstanding that the relevant records and witnesses were in the latter judicial district. *Id.* The enactment of § 2255 addressed this administrative problem "by substituting for [traditional habeas] in federal prisoner collateral attack cases a remedy in the sentencing court." *Id*. In other words, "[t]he purpose of § 2255 was to . . . provide an expeditious remedy in the sentencing court *without* resort to habeas corpus." *Hayman*, 342 U.S. at 218 (emphasis added).

Because Congress has shown a clear preference for § 2255 as the proper vehicle through which a federal prisoner may challenge his conviction, the courts have declined to read the savings clause in § 2255(e) so broadly as to effectively nullify the limitations imposed by § 2255. *Wofford*, 177 F.3d at 1244. The Eleventh Circuit in *Wofford v. Scott* articulated the narrow circumstance under which a federal prisoner in this jurisdiction may invoke the savings clause in § 2255(e):

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner

>was convicted for a nonexistent offense; and 3) circuit law squarely forecloses such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

Petitioner has not cited a retroactively applicable Supreme Court decision that establishes that the offenses underlying Petitioner's conviction (possession with intent to distribute and distribution of "crack" cocaine) were nonexistent offences, or that circuit law squarely foreclosed Petitioner from raising – at trial, on appeal, or during first § 2255 motion – any of the claims he now alleges. (*See* Doc. #1). Instead, the arguments he raises now have already been presented before the Eleventh Circuit and were found without merit.

Petitioner's first argument is that a subsequent § 2255 motion would be inadequate or ineffective "because he was unable to obtain a reversal of [the sentencing court's use of his] prior convictions" when he filed his previous § 2255 motion. (Doc. #1 at 4). This argument simply does not hold water. It is well-recognized in this jurisdiction that "a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 945 (11th Cir. 2005). Merely receiving an unfavorable decision does not mean that the process is inadequate or ineffective; if that were the case, virtually every legal remedy would be inadequate or ineffective because almost every judgment results in an unfavorable decision for at least one of the parties.

Petitioner's second argument asserts that § 2255 provides an inadequate or ineffective remedy because it can only be used to challenge the validity of his conviction and not to re-calculate his sentence. (Doc. #1 at 4). This argument also misses the mark. The Eleventh Circuit has recently heard this argument and decided *en banc* that "the savings clause does not authorize a federal

prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum. *Gilbert v. U.S.*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*).

It is worth noting that the third element of the standard articulated in *Wofford* bars a petitioner from exercising the savings clause if the petitioner had "an unobstructed procedural shot" at raising his claim at trial, on appeal, or during his first § 2255 motion. 177 F.3d at 1244. This "does not mean that [the petitioner] took the shot, or even that he or his attorney recognized that the shot was there for the taking." *Id.* All the Constitution requires "is that the procedural opportunity have existed." *Id.* Petitioner had the opportunity to challenge the sentencing calculations when he appealed his conviction in 2006. Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no arguable issue of merit, a finding with which the Eleventh Circuit agreed. 264 Fed.Appx. at 857. Petitioner may not use § 2255 as a substitute for a direct appeal. *See e.g.*, *United States v. Frady*, 456 U.S. 152, 165 (1982). Likewise, he may not use a § 2241 petition as a substitute for a subsequent § 2255 motion.

Because § 2255(e) does not allow Petitioner to use § 2241 as a substitute vehicle to pursue what is in substance a subsequent § 2255 motion that should have been filed in the Northern District of Georgia (after receiving permission from the Eleventh Circuit within the statute of limitations), this court lacks jurisdiction to hear this claim. Therefore, Petitioner's Motion is due to be dismissed without prejudice. A separate order will be entered in accordance with the terms of this memorandum decision.

**DONE** and **ORDERED** this \_\_\_\_25th\_\_\_\_ day of February, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE